# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO,

    Plaintiff,

v.                                                                 No. 1:20-cv-00826-KWR-KBM

THERESA BITTENGER, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated and proceeding *in forma pauperis*. He raises federal constitutional claims stemming from a slip-and-fall incident at the Northeast New Mexico Detention Facility (NNMDF). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

On November 8, 2019, Plaintiff slipped on a puddle of coffee at NNMDF. (Doc. 1 at 2, 7). He fell and damaged the third, fourth, and fifth lumbar vertebrae in his spine. *Id.* at 2, 25. Officer Pelayo escorted Plaintiff to the medical unit immediately after the fall. *Id.* at 8. Plaintiff had at least seven follow-up appointments between December 3, 2019 and March 17, 2020. *Id.* at 16-25. NNMDF providers ordered a CT scan, and Plaintiff received trigger point shots in his lower lumbar, prescription muscle relaxants and pain medication, and physical therapy. *Id.* at 10, 16-18, 20, 25. Plaintiff contends he filed various grievances about the slip-and-fall but never

---

[1] The background facts are taken from the Complaint and attached exhibits (Doc. 1). For the purpose of this ruling, the Court assumes Plaintiff's allegations are true.

received an answer. *Id.* at 3.

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims under the Eighth Amendment and the Equal Protection Clause. Plaintiff seeks unspecified damages for deliberate indifference to medical needs, "medical malpractice under the Eighth Amendment," and discrimination based on the alleged failure to respond to grievances. (Doc. 1 at 2-4). The Complaint names NNMDF Warden Hatch; Unit Manager Theresa Bittenger; and three other Defendants—Crystal River, Chour Lang, and Michelle Fruizer—who appear to be nurses or midlevel providers at NNMDF. *Id.* at 1. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Section 1915(e) of Title 28 requires the Court to screen an *in forma pauperis* complaint and dismiss any claims that are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellman,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court should overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the

opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

The crux of the Complaint is that Defendants violated the federal constitution by failing to prevent the slip-and-fall, treat Plaintiff's back injury, and respond to each grievance. Plaintiff raises all claims under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, a § 1983 complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

The Complaint here does not sufficiently tie any Defendant to the alleged wrongdoing. Plaintiff alleges Warden Hatch and Unit Manager Bittenger are responsible for operations at NNMDF and Plaintiff's housing unit, respectively. (Doc. 1 at 1-2). However, prison supervisors cannot be held vicariously liable for their employee's wrongdoing under § 1983. *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018). To state a claim against a prison supervisor, the plaintiff must show the defendant "promulgated … a policy that ... caused the complained of constitutional harm and acted with the state of mind required to establish the alleged constitutional deprivation."

*Id.* (quotations omitted). Plaintiff has not shown any wrongdoing is traceable to a policy by Hatch or Bittenger, nor has he alleged that they acted with a nefarious motive.

The remaining Defendants (Rivera, Lang, and Fruizer) are only mentioned in the case caption and a few handwritten exhibits referencing medical appointments. (Doc. 1 at 1, 15, 17). There are no discernable, concrete allegations that any specific Defendant failed to provide adequate care. The Tenth Circuit counsels that where "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). Accordingly, the Complaint fails to state a § 1983 claim against any named Defendant.

The Court notes that even if Plaintiff sufficiently tied Defendants to the alleged wrongdoing, the Complaint fails to state a claim under the Eighth Amendment or the Equal Protection Clause. The Court will discuss each claim below.

**A. Eighth Amendment Claims**

Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious medical need, which is satisfied "if a physician directed further treatment after diagnosing the condition or the need for a doctor's attention would be obvious to a lay person." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021). Where the issues stem from a delay in care, such delay must cause a "permanent loss[ ] or considerable pain." *Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) (quotations omitted). To satisfy the subjective prong of the deliberate-indifference test, the complaint must include "evidence of [each

individual] prison official's culpable state of mind." *Id.* at 751. Each defendant must have known plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

Plaintiff's Eighth Amendment claims are primarily directed at the failure to notice or clean the coffee puddle. "Simply put, [a] 'slip and fall,' without more, does not amount to" an Eighth Amendment violation. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quotations omitted). "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id. See also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation). Plaintiff's Eighth Amendment claim for "medical malpractice" fails for similar reasons. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim … under the Eighth Amendment." *Ortiz v. Torgenson*, 2021 WL 1327795, at *12 (10th Cir. Apr. 9, 2021) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff also contends prison officials went beyond negligence and were deliberately indifferent to his medical needs after the fall. Assuming the vertebrae injury is objectively serious, the exhibits attached to the Complaint reflect Plaintiff received ample medical care after the accident. The treatment occurred as follows:

> *November 18, 2019*: Plaintiff fell and was escorted to the medical unit.
> *December 3, 2019*: Plaintiff received four trigger point injections on his lower back.
> *December 19, 2019*: Plaintiff visited a nurse, who examined the movement of his legs.
> *December 24, 2019*: Plaintiff visited a midlevel provider, who ordered a CT scan and blood work.
> *January 6, 2020*: Plaintiff visited a doctor, who was not inclined to renew the pain medication or issue a lower bunk pass.
> *Mid-January 2020*: Plaintiff obtained a CT scan and a back brace.
> *January 22, 2020*: Plaintiff attended a follow-up appointment.
> *February 2020*: Plaintiff was referred for physical therapy.

*March 17, 2020*: Plaintiff obtained six more pressure point injections in his back. (Doc. 1 at 7-25). Plaintiff disagrees with the decisions to deny a lower bunk pass and discontinue pain medication. However, it appears those decisions were made by a prison doctor, rather than the named Defendants. *Id.* at 20-21. To the extent Plaintiff identifies other issues in passing—such as the fact that a nurse told him to exercise when a provider previously recommended the opposite—they do not demonstrate a serious defect in care. On this record, the Complaint fails to show any Defendant knowingly disregarded a serious risk of harm. The Court will therefore dismiss all claims under the Eighth Amendment.

### B. Equal Protection Claim

The Complaint also alleges Defendants discriminated against Plaintiff by failing to answer his grievances. This claim is controverted by Plaintiff's own exhibit. The Complaint attaches a grievance response, in which NNMDF denies any negligence regarding the slip-and-fall and declines to reimburse medical costs, which are free. (Doc. 1 at 9). To the extent the discrimination claim relates to a later failure to respond, Plaintiff has not alleged specific facts showing he was "treated differently from others who were similarly situated to [him]," or that any Defendant acted with discriminatory intent. *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (setting out the standard for an equal protection claim). *See also Navajo Nation v. San Juan Cty.,* 929 F.3d 1270, 1282 (10th Cir. 2019) (analyzing discrimination claims under "the Equal Protection Clause of the Fourteenth Amendment"). The allegations therefore fail to state an Equal Protection claim, and the Court will dismiss the Complaint under 28 U.S.C. § 1915(e).

### C. Opportunity to Amend

*Pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th

Cir. 1990). Accordingly, the Court will allow Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely file an amended complaint, or files another pleading that fails to state a cognizable constitutional claim, the Court may dismiss the case with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff Joseph Trujillo's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and Plaintiff may file an amended complaint **within thirty (30) days of entry of this Order.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**