IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO

    Plaintiff,

v.                                                                                No. 1:20-cv-00826-KWR-KBM

CAPTAIN MAESTAS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Amended Prisoner Complaint (Doc. 16). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. His original Complaint raised federal constitutional claims stemming from a slip-and-fall incident at the Northeast New Mexico Detention Facility (NNMDF). Plaintiff alleged he slipped on a puddle of coffee at NNMDF in November 2019 and damaged the lumbar vertebrae in his spine. *See* Doc. 1 at 2, 7. The original Complaint reflects Plaintiff had at least seven follow-up appointments between December 3, 2019 and March 17, 2020. *Id.* at 16-25. NNMDF providers ordered a CT scan, and Plaintiff received trigger point shots in his lower lumbar, prescription muscle relaxants and pain medication, and physical therapy. *Id.* at 10, 16-18, 20, 25. The original complaint raised 42 U.S.C. § 1983 claims against NNMDF Warden Hatch; Housing Unit Manager Theresa Bittenger; and three other Defendants—Crystal River, Chour Lang, and Michelle Fruizer—who appear to be nurses or midlevel providers at NNMDF. *Id.* at 1.

The Court screened the original Complaint and determined the allegations fail to survive initial review under 28 U.S.C. § 1915(e). *See* Doc. 15 (Screening Ruling). Plaintiff failed to sufficiently tie any Defendant to the alleged wrongdoing. The original Complaint merely alleged

Warden Hatch and Unit Manager Bittenger are responsible for operations at NNMDF and Plaintiff's housing unit, respectively. *See* Doc. 1 at 1-2. The remaining Defendants (Rivera, Lang, and Fruizer) were only mentioned in the original case caption and a few handwritten exhibits referencing medical appointments. *See* Doc. 1 at 1, 15, 17. The original Complaint also failed to show any Defendant disregarded a serious risk of harm. The Screening Ruling provides a detailed analysis of those defects and is incorporated here by reference.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court dismissed the original Complaint but granted leave to amend. The Screening Ruling warned that if Plaintiff files another pleading that fails to state a cognizable claim, the Court may dismiss the claims with prejudice and without further notice. Plaintiff timely filed an Amended Complaint, which focuses on the slip-and-fall. *See* Doc. 16. He alleges that on November 8, 2019, Captain Maestas ordered him to walk through a body scanner. *Id.* at 1. Plaintiff allegedly "told [Maestas] there is a liquid substance on the floor," but Maestas directed Plaintiff "to go through it." *Id.* Plaintiff again objected, stating his shower shoes do not "have good traction and are very slippery." *Id.* Maestas allegedly "insisted that [Plaintiff] walk though the coffee, where [he] slipped and fell and hurt [his] back." *Id.* The Complaint alleges the injury is traceable to the negligence and deliberate indifference of Maestas, the New Mexico Corrections Department (NMCD), and NNMDF. *Id.* at 2.

Accepting these new allegations as true, the Court will direct those Defendants to answer the Amended Complaint. The caption of the Amended Complaint also names Theresa Bittenger, but she is not mentioned in the body of the pleading. Because Plaintiff failed to state a claim against Bittenger after naming her in two Complaints, the Court will dismiss all claims against her

2

with prejudice and proceed with the case against Maestas, NMCD, and NNMDF.[1]

The Clerk's Office normally serves the complaint where, as here, an incarcerated Plaintiff obtains leave to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3). However, the "onus [is] squarely on plaintiffs to track down the whereabouts of defendants" to "effectuate service, … even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). Plaintiff must provide an address for service on Maestas, NMCD, and NNMDF within thirty (30) days of entry of this Order. If he fails to timely comply, the Court may dismiss the remaining claims in the Amended Complaint with prejudice and without further notice.

**IT IS ORDERED** that any claims against Theresa Bittenger set forth in the original Complaint (Doc. 1) or the Amended Complaint (Doc. 16) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file a response that provides an address for service on Maestas, NMCD, and NNMDF.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Amended Complaint also makes a passing reference to Corrections Officer Pelayo, who "was ordered to take [Plaintiff] to medical." Doc. 16 at 2. There is no allegation that Pelayo committed wrongdoing, and none of the complaints appear to name him as a defendant. The Court discerns Plaintiff is not asserting any claims against Pelayo.