IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO

    Plaintiff,

v.                                                                                                                                                                                No. 1:20-cv-00826-KWR-GBW

CAPTAIN MAESTAS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Theresa Bittenger's Motion to Dismiss Plaintiff's *pro se* Amended Prisoner Complaint in Lieu of an Answer (Doc. 26) (Motion). Bittenger argues the Amended Complaint fails to raise a cognizable 42 U.S.C. § 1983 claim, even though the claims against her were already dismissed with prejudice. The Court will deny Bittenger's Motion, which is in substance a request to reconsider the ruling that other Defendants must answer the Amended Complaint.

## BACKGROUND

Plaintiff's original Complaint (Doc. 1) raised federal constitutional claims stemming from a slip-and-fall incident at the Northeast New Mexico Detention Facility (NNMDF). Plaintiff alleged he slipped on a puddle of coffee at NNMDF in November 2019 and damaged the lumbar vertebrae in his spine. *See* Doc. 1 at 2, 7. Plaintiff further alleged he received inadequate medical care after the fall. The original complaint raised 42 U.S.C. § 1983 claims for "deliberate indifference," discrimination, and "medical malpractice under the Eighth Amendment." *Id.* 2-4. Plaintiff named NNMDF Warden Hatch; Housing Unit Manager Theresa Bittenger; and three other Defendants—Crystal River, Chour Lang, and Michelle Fruizer—who appear to be nurses or

midlevel providers at NNMDF.  *Id.* at 1.

The Court screened the original Complaint and determined the allegations fail to survive initial review under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).  *See* Doc. 15 (First Screening Ruling).  The dismissal was predicated, in part, on the fact that the original Complaint fails to show any Defendant knowingly disregarded a serious risk of harm.  Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the First Screening Ruling dismissed the original Complaint but granted leave to amend.  Plaintiff's Amended Complaint focuses on the fall.  *See* Doc. 16.  He alleges that on November 8, 2019, Captain Maestas ordered him to walk through a body scanner.  *Id.* at 1.  Plaintiff allegedly "told [Maestas] there is a liquid substance on the floor," but Maestas directed Plaintiff "to go through it."  *Id.*  Plaintiff again objected, stating his shower shoes do not "have good traction and are very slippery."  *Id.*  Maestas allegedly "insisted that [Plaintiff] walk through the coffee, where [he] slipped and fell and hurt [his] back."  *Id.*  The Amended Complaint states the injury is traceable to wrongdoing by Maestas, New Mexico Corrections Department (NMCD), and Northeast New Mexico Detention Facility (NNMDF).  *Id.*  Bittenger is also named in the caption of the Amended Complaint, but she is not mentioned in the body of the pleading.

By a second Memorandum Opinion and Order entered September 22, 2021, the Court liberally construed the Amended Complaint to raise claims for deliberate indifference to a risk of serious harm and negligence.  *See* Doc. 17 (Second Screening Ruling).  Maestas, NMCD, and NNMDF were ordered to answer the Amended Complaint.  The Second Screening Ruling dismissed the claims against Bittenger with prejudice, as Plaintiff failed state a claim against her after naming her in two Complaints.  The Clerk's Office mailed notice and waiver of service forms

to Maestas, NMCD, and NNMDF, but there is no indication on the docket that Bittenger was served.

On June 21, 2022, Narvaez Law Firm, PA entered an appearance for Bittenger and moved for dismissal of the entire case.  Because the Motion relitigates matters decided in the Second Screening Ruling, the Court finds it has sufficient information to rule on the Motion without ordering a *pro se* response from Plaintiff.

## DISCUSSION

Bittenger asks the Court to dismiss the Amended Complaint with prejudice for failure to raise a cognizable 42 U.S.C. § 1983 claim.  As noted above, she is no longer a party to this case.  Even if Bittenger had standing to seek dismissal on behalf of other Defendants, her arguments fail on the merits.  The Motion points out that the Amended Complaint states Defendants were negligent but does not use the phrase "deliberate indifference."  Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of … legal theories."  *Id.*  The factual allegations in the Amended Complaint appear to address the subjective component of the deliberate indifference test.  That component is satisfied when a prison "official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Plaintiff alleges new facts showing that, before the back injury, Maestas knew about the puddle and that Plaintiff was wearing shoes with little or no traction.  Accordingly, the Amended Complaint can reasonably be read to state an Eighth

3

Amendment claim for deliberate indifference to a serious risk of harm along with a claim for negligence. This is particularly true because Plaintiff appears to believe state torts arise under the federal constitution. In another filing, he refers to a claim for "medical malpractice under the Eighth Amendment." Doc. 1 at 4. The Court therefore declines to reconsider its construction of the *pro se* Amended Complaint.

The Motion also points out that Maestas, NMCD, and NNMDF do not appear in the caption of the Amended Complaint. "[A] party not … named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Derrick v. Ward*, 91 Fed. App'x. 57, 62 (10th Cir. 2004). *See also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("[I]n a *pro se* case when the plaintiff names the wrong defendant in the caption ... courts may look to the body of the complaint to determine who the intended and proper defendants are."). The body of the Amended Complaint focuses almost exclusively on Maestas' actions and states Plaintiff's back injury occurred due to wrongdoing by the parties who were served. Doc. 16 at 2. Plaintiff's most recent *pro se* filing labels Maestas, NMCD, and NNMDF as Defendants. *See* Doc. 24. It is therefore not appropriate to dismiss any claims based on the format of the case caption in the *pro se* Amended Complaint.

The Court will deny the Motion (Doc. 26), to the extent Bittenger seeks dismissal of the entire Amended Complaint. Maestas, NMCD, and NNMDF must file an answer to the Amended Complaint (Doc. 16), as set forth in the Second Screening Ruling and within any procedural perimeters fixed by the Hon. Gregory Wormuth. *Pro se* prisoner cases that survive screening are typically resolved on summary judgment after a *Martinez* investigation. *See Hall,* 935 F.2d 1109

(A *Martinez* report is "a court-authorized … report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims" and may be used in deciding summary judgment). Plaintiff is finally reminded that his claims against Bittenger were dismissed with prejudice, and he should stop including Bittenger in his case captions. *See, e.g.,* Doc. 24.

**IT IS ORDERED** that Defendant Theresa Bittenger's Motion to Dismiss Plaintiff's *pro se* Amended Prisoner Complaint in Lieu of an Answer (**Doc. 26**) is **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**