IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO,

        Plaintiff,

v.                                                                  No. 1:20-CV-0826 KWR/DLM

THERESA BITTENGER, *et al.*,

        Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Remedy of Spoliation (Doc. 43) and Defendants' *Martinez* Report (Doc. 41). The Court will defer ruling on the pending motion for spoliation sanctions (Doc. 43), deny without prejudice any relief requested in the *Martinez* Report (Doc. 41), and order Defendants to file a separate motion for summary judgment.

**I.    Factual Background**

In November 2019, Defendant Maestas, commander of the Corrections Emergency Response Team (CERT), was deployed to the Northeast New Mexico Correctional Facility following a murder at the facility. (Doc. 41 at 4.) Defendant Maestas and his CERT team conducted searches for the murder weapon by searching cells and strip-searching inmates. (*Id.*) In his Amended Complaint, Plaintiff asserts that he was directed to walk through a body scanner despite telling Defendant Maestas there was a coffee spill in front of the scanner.[1] (Doc. 16 at 1.) Plaintiff asserts that he walked through the scanner, slipped on the puddle, and injured his back. (*Id.*) Plaintiff stated he was then escorted to the medical unit by correctional officer Pelayo. (*Id.* at 2.) The record reflects that Plaintiff visited the medical unit the day he fell. (Doc. 41-3 at 11.)

---

[1] Although Plaintiff has filed a document that he titles "amended complaint," the document merely provides the address for Defendant Maestas. (*See* Doc. 18.) Thus, the first amended complaint (Doc. 16) is the operative pleading.

However, Defendant Maestas does not believe he interacted with Plaintiff because he would have filed an incident report had Plaintiff injured himself as he described. (Doc. 41 at 5.) Officer Pelayo does not remember any of the events Plaintiff alleges occurred. (*Id.*) Plaintiff now brings suit and alleges Maestas was negligent in directing him to walk through the puddle. (Doc. 41 at 1–2.)

## II.     Motion for Remedy of Spoliation

To provide context for the Court's discussion on the motion for spoliation sanctions, the Court first includes the following timeline of relevant events and filings in this matter:

1. On November 8, 2019, Plaintiff was allegedly injured in the slip and fall incident. (Doc. 16.)
2. On November 18, 2019, Plaintiff filed an Inmate Informal Complaint. (Doc. 45 at 4.)
3. On December 14, 2019, Plaintiff filed an Inmate Grievance. (*Id.* at 5.)
4. On January 10, 2020, the Inmate Grievance was denied. (*Id.* at 6.)
5. On February 3, 2020, Plaintiff filed a Departmental Appeal. (*Id.*)
6. On August 17, 2020, Plaintiff filed his original Complaint. (Doc. 1.)

In his Motion for Remedy of Spoliation of Evidence, Plaintiff asserts that Defendants breached their duty to preserve the surveillance footage of his slip and fall, and he seeks sanctions as a result. (Doc. 43.) Defendants assert that the video no longer exists because the tape was erased and reused after 60 days pursuant to standard policy. (Docs. 41-2; 44 at 2.) Defendants argue they nevertheless did not breach a duty because 15 months elapsed from Plaintiff's injury to the filing of his Complaint, giving them no notice the footage would be relevant to any future litigation. (Doc. 44 at 1–2.) In his Reply, however, Plaintiff submits documentation demonstrating he initiated administrative proceedings within two weeks of his injury, putting Defendants on notice

of future litigation.² (Doc. 45 at 2, 4–7.)

Defendants do not discuss Plaintiff's informal complaint or grievance, leaving the Court unable to determine whether "intentional or negligent destruction or loss of tangible relevant evidence" occurred. *See, e.g.*, *Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1294 (D.N.M. 2016) (quotation omitted) (describing the general rule on the prevention of spoliation). (*See also* Doc. 44.) The Court will, therefore, defer ruling on the motion for spoliation and allow Defendants to address this issue more fully in their motion for summary judgment. (*See infra* Sec. III.)

### III.    *Martinez* Report

In the Order to file a *Martinez* Report, the Court instructed Defendants that, should they "choose to file a motion for summary judgment concurrently with their *Martinez* Report, that motion shall be filed separate and apart from the Report . . . ." (Doc. 39 at 3.) Defendants failed to comply with this requirement because they requested relief in the *Martinez* Report itself. (Doc. 41 at 6–8.) Accordingly, the Court will deny any relief requested in the *Martinez* Report without prejudice and with leave to refile in compliance with the Court's previous instructions.³

**THEREFORE, IT IS ORDERED** the Court will **DEFER** ruling on the pending Motion for Spoliation. (Doc. 43.)

**IT IS FURTHER ORDERED** the relief requested in the *Martinez* Report (Doc. 41) is **DENIED without prejudice**.

**IT IS ALSO ORDERED** that, no later than July 20, 2023, Defendants shall file a separate motion for summary judgment as outlined in the order to file a *Martinez* Report. (Doc. 39.) Plaintiff

---

² Plaintiff did not request the recording in his Informal Complaint, but he did request it in his Inmate Grievance, which he filed within the 60-day window the video would have still existed.

³ The Court cautioned Defendants that any failure to comply with its Order may result in the filing being stricken. (*See* Doc. 39 at 4.)

shall file a response to the motion within 30 days. Defendants may file a reply brief within 14 days of the response brief.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE