IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO,

    Plaintiff,

v.   No. 1:20-CV-826 KWR/DLM

THERESA BITTENGER, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' First Motion for Summary Judgment. (Doc. 54.) United States District Judge Kea W. Riggs referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. (Doc. 49.)

This case involves an injury Plaintiff sustained while incarcerated at the Northeast New Mexico Detention Facility. Plaintiff asserts that he was directed to walk through a body scanner that had a coffee spill in front of it despite telling the guard his shoes had very little traction. (Doc. 16 at 1.) Plaintiff claims that he walked through the scanner, slipped on the puddle, and injured his back due to the guard's negligence and deliberate indifference in directing him to walk through the puddle, in violation of his Eighth amendment rights.[1] (*Id.* at 1–2; Doc. 35 at 5, 6, 8, 11.) The Court recommends that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's Eighth Amendment claim because Plaintiff alleges no facts to distinguish the cause of his injury from a standard slip-and-fall case. It is further recommended that Plaintiff's negligence

---

[1] The Court will consider the Amended Complaint and the Addendum as the operative pleading. (Docs. 16, 35.) Document 18, titled Amended Complaint as well, contains only the contact information for Defendant Maestas. Additionally, while the Court liberally construes Plaintiff's pro se pleadings, liberal construction does not relief Plaintiff of his burden of presenting a legally cognizable claim. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

claim be **DISMISSED** without prejudice because the Court lacks jurisdiction to consider it. Lastly, I recommend that Plaintiff's spoliation motion be **DENIED** as **MOOT**.

**I.     Procedural Background**

Plaintiff filed his original Complaint on August 17, 2020, raising federal constitutional claims stemming from a slip-and-fall incident at the Northeast New Mexico Detention Facility (NENMDF). (Doc. 1 at 2–4.) The Court screened the Original Complaint, determined it did not survive initial review under 28 U.S.C. § 1915(e), and granted leave to amend. (Doc. 15 at 1–2.) Plaintiff timely filed an Amended Complaint in which he alleges negligence and deliberate indifference on Defendant Maestas's part for directing him to walk through a body scanner that had a coffee spill in front of it. (Docs. 16; 35.) The Court found the Amended Complaint stated a plausible claim for deliberate indifference and ordered Defendants to respond. (Doc. 17.) Defendants Maestas, Northeast New Mexico Detention Facility and New Mexico Corrections Department (NMCD) filed two motions to dismiss the Amended Complaint. (Docs. 34 (Maestas); 38 (NENMDF and NMCD).) The Motions were identical and sought dismissal for lack of subject matter jurisdiction and for judgment on the pleadings. (Docs. 34; 38 at 1.)

On August 25, 2022, the Court ordered Defendants to file a *Martinez* Report and instructed Defendants if they choose to seek relief based on the Report, a motion for summary judgment must be filed separately and should indicate whether it superseded the motions to dismiss that were pending at the time. (Doc. 39 at 3–4.) Defendants, in contravention of the Court's instructions, asked the Court to dismiss Plaintiff's Amended Complaint with prejudice in the *Martinez* Report itself and did not indicate whether the relief they requested superseded the motions to dismiss that were pending at the time. (Doc. 41 at 5–8.) The relief they requested was identical to that which they sought in their motions to dismiss except they added an argument asserting the Amended

2

Complaint failed to state facts demonstrating a waiver of immunity under the New Mexico Tort Claims Act (NMTCA). (*See* Docs. 34; 38 at 3–5; 41 at 5–8.)

The Court denied the motions to dismiss on the basis it had already determined Plaintiff had raised a plausible Eighth Amendment claim. (Doc. 46 at 1 (citing Doc. 17 at 2).) The Court further stated that because a *Martinez* Report had been filed, it could rule on the facts in the Report or on summary judgment. (*Id.* at 1.)

On January 6, 2023, Plaintiff filed a spoliation motion alleging the Defendants failed to preserve the video recording of the slip and fall. (Doc. 43.) Defendants' response asserts the recording no longer exists because the system rewrites videos after 60 days and they had not been on notice of impending litigation. (Doc. 44.) In his reply, however, Plaintiff highlights that he initiated administrative proceedings in which he sought the recording and cites to attachments in the original complaint where he requests the recording. (Doc. 45 at 2.) Defendants did not address the existence of those administrative records in their response. The Court deferred ruling on the spoliation motion and ordered Defendants to file a summary judgment motion as previously ordered that also addressed Plaintiff's arguments regarding spoliation. (Doc. 52.) Defendants timely filed the motion for summary judgment on July 20, 2020, (Doc. 54), and Plaintiff has not filed a response.[2]

## II.     Relevant Law

### A.  Pro Se Prisoner Pleadings

In reviewing a pro se plaintiff's allegations, the Court applies the same legal standards applicable to pleadings that counsel drafts but liberally construes the allegations. *See Northington*

---

[2] D.N.M. LR – Civ. 7.4(a) requires a response to be filed within 14 calendar days after service of a motion. Plaintiff's response was due on August 3, 2023. Over 20 days have passed from the date Plaintiff's response was due. Thus, the Court has determined that Defendants' Motion for Summary Judgment (Doc. 54) is ripe for ruling.

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). In other words, although the law the Court will apply to the case remains the same, a pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The latitude granted to pro se litigants extends beyond their pleadings, and "[c]ourts are generally lenient with pro se litigants . . . ." *Quarrie v. Wells*, Civ. No. 17-350, 2020 WL 1683450 *3 (D.N.M. April 6, 2020) (citing *Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016)).

### B. Law Regarding Summary Judgment

On summary judgment, the initial burden is with the movant to show that he is entitled to judgment as a matter of law. *See Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992). Instead of disproving a claim, the movant only needs to show a lack of evidence on an essential element. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). If the movant meets that burden, the non-movant must come forward with specific facts from which a rational fact-finder could find in his favor. *Id.*

### C. Law regarding 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Stated plainly, to establish a claim under 42 U.S.C. § 1983, a plaintiff must

allege the deprivation of a federal right and that the person who deprived him of that right was acting under color of state law. *See West v. Aikins*, 487 U.S. 42, 48 (1988).

### D. Law regarding the Eighth Amendment

The Supreme Court has held that "a prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although a prisoner's safety cannot be absolutely guaranteed, prison officials are "responsible for taking reasonable measures to insure the safety of inmates." *Lopez v. Lemaster*, 172 F.3d 756, 759 (10th Cir. 1999). An official violates the Eighth Amendment when two elements are met: (i) the official causes an injury that, objectively, is "sufficiently serious," i.e., an injury that equates to the "denial of the minimal civilized measure of life's necessities"; and (ii) the official has a "sufficiently culpable state of mind." *Id*. at 834 (internal quotation marks omitted).

### E. Law on New Mexico Tort Claims Act

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)). Further, the Eleventh Amendment bars seeking money from states where "the state is the real, substantial party in interest[,]" notwithstanding that individual officials are nominal defendants. *See Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945) (citations omitted). Under the NMTCA, New Mexico has waived immunity for eight categories of torts. N.M. Stat. Ann. §§ 41-4-5 to 41-4-12. (1978).[3] Additionally, the NMTCA provides that "exclusive original jurisdiction for claims under the Tort Claims Act shall

---

[3] This immunity applies to claims for negligence in the operation or maintenance of a public facility under § 41-4-6, which it appears that Plaintiff asserts in this case. *See Curry v. Gonzales*, No. CIV 20-116 RB/SCY, 2021 WL 4430264 *2 (D.N.M. Sept. 27, 2021).

be in the district courts of New Mexico." N.M. Stat. Ann. § 41-4-18(A) (1978).

There is only one narrow exception to the jurisdictional rule—a state official can be sued for non-monetary injunctive relief from constitutional violations in his individual capacity. *See Wojciechowski v. Harriman*, 607 F. Supp. 631, 633 (10th Cir. 1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). However, even when a defendant is named in his individual capacity, if the allegations against him pertain to actions performed within the scope of his duty, and the lawsuit ultimately seeks to recover money from the state, there is no waiver. *Ramirez v. Martinez*, 20-cv-824, 2021 WL 1294909 *2 (D.N.M. April 7, 2021) (citing *Conner v. Rodriguez*, No. 10-cv-512, 2011 WL 13289643, at *2 (D.N.M. Aug. 10, 2011)).

### III.     Undisputed Facts

The following facts are derived from the *Martinez* Report filed September 23, 2022, (Doc. 41) and the Motion for Summary Judgment filed July 20, 2023. (Doc. 54.)

Plaintiff walked through the body scanner at NENMDF on November 8, 2019. (Docs. 54 at 3 ¶ 1; 54-1 at ¶ 5.) A Medical Encounter form dated November 8, 2019, states that Plaintiff claimed he slipped on coffee and stretched his lower back. (Docs. 41 at 3; 41-3 at 13.) On November 18, 2019, Plaintiff filled out a Health Services Request Form in which he stated his back still hurt from the slip and fall on November 8, 2019. (Docs. 41 at 3; 41-3 at 6.)

### IV.     Analysis

Plaintiff's Amended Complaint alleges only that Defendant Maestas, NMDC, and NENMDF were negligent. (Doc. 16 at 2.) The Addendum to the Amended Complaint, however, alleges Defendants were also deliberately indifferent. (Doc. 35 at 7.) In other words, it appears that Plaintiff alleges both a tort claim and a constitutional claim. Defendants' arguments remain largely

unchanged from the previous dispositive motions they have filed.[4] The Court interprets the summary judgment motion to argue that the undisputed facts show Plaintiff only experienced a standard slip-and-fall and there are no facts showing a constitutional violation. The Court will analyze Plaintiff's constitutional claim first and his negligence claim second.

### A. The undisputed facts concerning Plaintiff's slip-and-fall do not amount to an Eight Amendment violation.

Plaintiff alleges that he was ordered to walk through a body scanner despite there being a spill in front of it and informing Defendant Maestas he had slippery shoes. (Doc. 16 at 1.) Plaintiff asserts that NENMDF was negligent and deliberately indifferent by making him walk from his cell to the intake area and failing to put up caution signs for the coffee spill. (Doc. 35 at 12.) Plaintiff further claims that he was told to wear his shower shoes, which is something that inmates are normally warned against or they will receive a misconduct report. (Doc. 35 at 7–8.)

However, the evidence in the *Martinez* Report and the Motion for Summary Judgment only establishes that Plaintiff had a slip-and-fall on November 8, 2019. His medical records show he sought and received treatment for his back injury, but they do not contain any information about the circumstances of the slip. (Docs. 41-3 at 3–21; 54-3 at 3–21.) In other words, the evidence shows nothing more than a slip-and-fall occurred.

Relief is not available under 42 U.S.C. § 1983 for an Eighth Amendment violation based on slip-and-fall allegations. "Simply put, [a] slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quotation marks and citations omitted). "Federal courts from other circuits have . . . consistently

---

[4] Defendants, on multiple occasions, have merely cited and summarized cases without fully developing their argument, leaving the Court to analyze the issue itself. (*See* Docs. 34 at 4; 38 at 4; 54 at 5–7.)

held that slippery prison floors do not violate the Eighth Amendment." *Id.* (gathering cases); *see also Daniels v. Williams*, 474 U.S. 327, 329–330 (1986) (ruling that slip-and-fall claims sound in tort and not constitutional law). Indeed, when confronted with slip and fall cases claiming constitutional violations, this district has similarly determined that there is no Eighth Amendment violation. *See Benson v. Cent. New Mexico Corr. Facility*, No. CV 16-01211, 2017 WL 5989195, at *3 (D.N.M. Dec. 1, 2017) (dismissing a slip and fall claim brought under § 1983); *Hinzo v. N.M. Dep't of Corr.*, No. CV 10-0506 JB/CG, 2012 WL 13081442, at *11 (D.N.M. Feb. 22, 2012) (same).

In *Reynolds*, the Tenth Circuit stated that the question a slip and fall case presents is whether there are any sufficiently special or unique circumstances requiring the court to depart from the general rule barring Eight Amendment liability in such cases. *See* 370 F.3d at 1032. There, the plaintiff had been on crutches and warned defendants of a standing water problem in the showers. *Id* at 1030. Not only did defendants do nothing about the standing water, one of the facility officials even denied the plaintiff's request for additional towels to clean up the water. *Id.* The plaintiff eventually slipped and fell in the shower due to the standing water. *Id.* The Tenth Circuit nevertheless concluded "there is nothing special or unique about plaintiff's situation permit[ting] him to constitutionalize what is otherwise only a state-law tort claim." *Id.* at 1032.

Here, Defendants argue that Plaintiff's lawsuit does not allege facts constituting an Eighth Amendment violation, and the Court agrees. Based on the Court's review of the *Martinez* Report and the summary judgment motion, the evidence indicates only that Plaintiff walked through a body scanner and had a slip-and-fall on November 8, 2019. (Docs. 41 at 3; 41-3 at 13; 54 at 3; 54-1.) Plaintiff does not point to any facts in the record to distinguish this incident from a typical slip-

8

and-fall claim.[5] Accordingly, the undersigned recommends granting summary judgment against Plaintiff on his Eight Amendment claim. *See Hinzo*, 2021 WL 13081442 at *11 ("No relief is available under 42 U.S.C. § 1983 for an Eight Amendment violation based on [slip-and-fall] allegations.") (citing *Reynolds*, 370 F.3d at 1031).

### B. The Court recommends dismissing the remaining negligence claim because New Mexico has not consented to suit in federal court.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). The Court highlights its independent duty to determine whether subject matter jurisdiction exists because it is unclear what Defendants intend to argue.[6]

At the outset, the Court highlights that although Defendants argue there is no waiver of immunity under the NMTCA, (Doc. 54 at 7–9) Defendants themselves cited a case in which the court cited negligence in the operation or maintenance of a public facility as one of the torts for which New Mexico has waived its immunity. (Doc. 54 at 6–7) (citing *Ramirez v. Martinez*, 2021 WL 1294909, at *2 (citing N.M. Stat. Ann. § 41-4-6 (1978)).) Construing Plaintiff's claims liberally, it is plausible that Plaintiff intends to bring them under this waiver of immunity. Nevertheless, the Court cannot determine whether a waiver of immunity exists because it lacks jurisdiction to consider the issue. Thus, to the extent Plaintiff asserts negligence against

---

[5] Plaintiff did not file a response to the Defendants' Motion for Summary Judgment. However, the Court is not required to assume the responsibility of "searching the record" in favor of the Plaintiff, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), nor does his pro se status excuse him from supporting his claims as required by the Federal and Local Rules of Civil Procedure. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988); *see also* D.N.M. LR-Civ. 56(b).

[6] *See* Supra II.A.n.4.

Defendants, that claim should be dismissed without prejudice.

Here, Plaintiff seeks to compel NENMDF to "undergo the exhaustion requirement" and to pay him $2,000 per day until the case concludes.[7] (Doc. 1 at 5.) The Eleventh Amendment, however, bars this claim because it is a suit for recovery of money from the state. *See Ford Motor Co.*, 323 U.S. at 464 (1945). Moreover, the narrow exception found in *Wojciechowski* does not apply here because Plaintiff does not seek non-monetary injunctive relief against Defendant Maestas.[8] 607 F. Supp. At 633. Therefore, the undersigned recommends dismissing Plaintiff's negligence claim without prejudice so he may bring it in state court. *See Curry v. Gonzales*, No. CIV 20-116, 2021 WL 4430264, at *2 (D.N.M. Sept. 27, 2021) (finding no subject matter or supplemental jurisdiction in a case seeking money damages for negligent operation or maintenance of a public facility).

## V.    Conclusion

The undisputed facts demonstrate only that Plaintiff slipped and fell on November 8, 2019. The Court acknowledges that Plaintiff alleges he suffered serious injury as the result of the incident, but his constitutional claim is ultimately based on nothing more than a simple slip-and-fall, which is insufficient to make out an Eighth Amendment claim. Additionally, Plaintiff's negligence claim is a state tort claim over which this Court lacks jurisdiction because the NMTCA grants sole jurisdiction over such a claim to the New Mexico state district courts. Lastly, because

---

[7] Plaintiff requests this relief in his Original Complaint only, and he does not request any relief in his Amended Complaint or the Addendum. (*Compare* Doc. 1 at 4, *with* Docs. 16; 35.) To be sure, the Court considers the Amended Complaint and the Addendum to be the operative pleading, (*supra* note 1) but there is no indication Plaintiff requests different relief, so the Court will assume that Plaintiff's request for relief remains the same.

[8] Even if Plaintiff were somehow able to demonstrate the Court had jurisdiction, or if the claims had been brought against counties, municipalities, or their officers, the undersigned would nevertheless recommend declining to exercise supplemental jurisdiction based on the dismissal of the federal claim. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citing *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

the undersigned recommends dismissing the only claim over which it has original jurisdiction—Plaintiff's § 1983 claim—it also recommends denying as moot his Spoliation Motion.

VI.     **Recommendation**

**THEREFORE, IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's Eighth Amendment claim for deliberate indifference be **DISMISSED** with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's negligence claim be **DISMISSED** without prejudice.

**LASTLY, IT IS RECOMMENDED** that Plaintiff's Spoliation Motion (Doc. 43) be **DENIED as moot**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

11