IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH TRUJILLO,

    Plaintiff,

v.                                                                                                     No. 1:20-CV-0826 KWR/DLM

THERESA BITTENGER, *et al.*,

    Defendants.

**PROSPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider the final judgment entered against him. (Doc. 63.) United States District Judge Kea W. Riggs referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. (Doc. 60.) The Court finds that Plaintiff's request does not satisfy any of the three grounds the Tenth Circuit has recognized as bases for granting a motion for reconsideration under Federal Rule 59(e). Accordingly, the Court recommends DENYING Plaintiff's Motion to Reconsider.

I.     **Factual and Procedural Background**

The Court recited the factual background relevant to this matter in its Proposed Findings and Recommended Disposition issued on September 6, 2023, and incorporates that background here by reference. (Doc. 55 at 1–3, 6.) In short, "Plaintiff assert[ed] that he was directed to walk through a body scanner that had a coffee spill in front of it despite telling the guard his shoes had very little traction." (Doc. 55 at 1 (citing Doc. 16 at 1).) "Plaintiff claim[ed] that he walked through the scanner, slipped on the puddle, and injured his back due to the guard's negligence and deliberate indifference in directing him to walk through the puddle, in violation of his Eighth

amendment rights." (*Id.* at 1 (citing (Docs. 16 at 1–2; 35 at 5, 6, 8, 11)).) Plaintiff also filed a Spoliation Motion alleging Defendants failed to preserve the video recording of the fall. (Doc. 43.)

The Court recommended dismissal of Plaintiff's Eighth Amendment claim because "[s]imply put, a slip and fall, without more, does not amount to cruel and unusual punishment . . . ." (Doc. 55 at 7 (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quotation marks and citations omitted)).) The Court determined that Plaintiff did not point to any facts in the record to distinguish his fall from a typical slip-and-fall claim—*i.e.*, "there is nothing special or unique about plaintiff's situation permit[ting] him to constitutionalize what is otherwise only a state-law tort claim." (*Id.* at 8 (citing *Reynolds*, 370 F.3d at 1030).)

The Court recommended dismissal of Plaintiff's negligence claim because the New Mexico Tort Claims Act provides that "exclusive original jurisdiction for claims under the Tort Claims Act shall be in the district courts of New Mexico." (*Id.* at 6–7 (citing N.M. Stat. Ann. § 41-4-18(A) (1978)).) The Court highlighted that "Plaintiff seeks to compel NENMDF to 'undergo the exhaustion requirement' and to pay him $2,000 per day until the case concludes." (*Id.* at 10.) Accordingly, the Court found that the Eleventh Amendment barred the claim "because it is a suit for recovery of money from the state." (*Id.* (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)).)

The Court further found that Plaintiff could not avail himself of a narrow exception permitting suits against state officials because he is not seeking "non-monetary injunctive relief against Defendant Maestas." (*Id.* at 10 (citing *Wojciechowski v. Harriman*, 607 F. Supp. 631, 633 (10th Cir. 1985)).) Additionally, the Court noted that "[e]ven if Plaintiff were somehow able to demonstrate the Court had jurisdiction, or if the claims had been brought against counties, municipalities, or their officers, the undersigned would nevertheless recommend declining to

exercise supplemental jurisdiction based on the dismissal of the federal claim." (*Id.* at 10 n.8 (citing *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)).) Lastly, the Court recommended denying Plaintiff's spoliation motion as moot because it recommended dismissing the only claim over which it had original jurisdiction—the Section 1983 claim. (*Id.* at 10–11.)

The undersigned filed the PFRD on September 6, 2023, making the objections deadline September 25, 2023, due to the additional 3 days allotted to Plaintiff under Federal Rule 5(b)(2)(D). (Doc. 55.) Plaintiff filed a document titled "Addendum to Objection filed on 9/19/2023" that he mailed on September 26, 2023, making it untimely as an objection. (Doc. 58 at 2.) He also filed a "Motion to Object on the Defendants' Summary Judgment." (Doc. 61.)

District Judge Kea W. Riggs adopted the PFRD—dismissing Plaintiff's Eighth Amendment claim with prejudice, his negligence claim without prejudice, and denying his spoliation motion as moot—and issued a Final Judgment on September 26, 2023. (Docs. 56, 57.) Judge Riggs referred resolution of the Addendum on October 12, 2023. (Doc. 60.) On that same day, the event type of the Addendum was reclassified from an "addendum" to a "motion for reconsideration." (*See* docket entry for Doc. 58.)

On October 17, 2023, the Court issued an order granting the Addendum and Motion to Object, allowing Plaintiff to file what it would interpret as a motion to reconsider. (Doc. 62.) Because the Addendum was already classified as a motion to reconsider, however, the Court's order is more properly characterized as one for additional briefing. Plaintiff timely filed a document titled "Response to Motion re 54 First Motion for Summary Judgment." (Doc. 63.) Defendants filed a response. (Doc. 64.) The Court will clarify the procedural posture in the analysis below.

## II. Legal Standards

### A. Pro Se Litigants

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

### B. Motions to Reconsider

There are three categories of motions to reconsider:

> (i) a motion to reconsider filed within [28] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [28] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion [under rule 54(b)].

*Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 642 (D.N.M. 2015) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)). Because Judge Riggs entered a final judgment before Plaintiff filed his motion, the Rule 54(b) standard is inapplicable.

"Courts may treat motions for reconsideration as a rule 59(e) motion when the movant files within [28] days of a court's entry of judgment." *Id.* (citing *Price*, 420 F.3d at 1167) (subsequent citation omitted). "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

A motion filed outside the 28-day period following a final judgment is treated as a motion for relief from judgment under Rule 60(b). *See Anderson Living Tr.*, 312 F.R.D. at 642. Under

Rule 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.* (quoting Fed. R. Civ. P. 60(b)). "Neither a rule 59 nor a rule 60 motion for reconsideration[, however,] 'are appropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012).

### III.    Discussion

At the outset, the Court will clarify the somewhat muddied procedural posture of this matter. As stated above, Judge Riggs entered a Final Judgment in this matter on September 26, 2023 (Doc. 57), Plaintiff mailed the Addendum that same day (Doc. 58), and the event type for the Addendum was changed from an addendum to a motion for reconsideration on October 12, 2023 (*see* docket entry for Doc. 58). The order granting the Addendum and Motion to Object is, therefore, more properly characterized as an order for additional briefing. Accordingly, although the document on which the Court will take action was filed November 6, 2023, the Court

5

recognizes that Plaintiff filed a motion for reconsideration on September 26, 2023—within a day of the entry of the Final Judgment. In other words, Plaintiff timely filed a motion for reconsideration under Rule 59(e) within 28 days of a final judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Plant Oil Powered Fuel Sys., Inc. v. ExxonMobil Corp.*, No. CIV 11-0103 JB/WPL, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012) ("The United States Court of Appeals for the Tenth Circuit has also held that a court should generally construe an untimely motion to alter, amend, or reconsider under rule 59(e) as a motion for relief under rule 60(b).") (citing *Weitz v. Lovelace Health Sys.*, 214 F.3d 1175, 1179 (10th Cir. 2000)). The Court recommends denying the motion under the Rule 59(e) standard.[1]

### A. Plaintiff fails to demonstrate there is an intervening change in law, new previously unavailable evidence, or the need to correct clear error or prevent manifest injustice.

Plaintiff presents the following series of allegations in his Response without explaining whether or how they demonstrate reconsideration is appropriate.[2] Plaintiff claims there are two disputed facts without elaborating as to their significance: first, a typographical error; and second, an alleged misidentification of who is authorized to respond to a request for public records. (Doc. 63 at 1.) Additionally, Plaintiff disputes the veracity of Defendant Maestas's affidavit—which stated he and Plaintiff had no interaction—and asks the Court to order Maestas to undergo a

---

[1] Even if the Court were to consider Plaintiff's arguments under the Rule 60(b) standard, it would still recommend denying the request for relief. As the Court explains below, Plaintiff does not identify any error in the PFRD and merely presents arguments and supporting evidence that were available when the Court granted Defendants' Summary Judgment Motion. *See Servants of Paraclete*, 204 F.3d at 1012 ("[T]he basis for [a] second motion [under Rule 59 or Rule 60] must not have been available at the time the first motion was filed").

[2] Indeed, as the Court highlights below, Plaintiff refers only to the Defendants' Summary Judgment Motion and his own Spoliation Motion, and even under the pro se standard, the Court cannot discern any argument relating to reconsideration of the PFRD. The allegations are therefore presented plainly, as articulated by Plaintiff, because the Court may not "serv[e] as the litigant's attorney in constructing arguments . . . ." *Garrett*, 425 F.3d at 840.

6

polygraph test. (*Id.* at 2; Doc. 41-1 at 1–2.) Plaintiff argues Maestas violated state policy and the Fourteenth Amendment by failing to file a serious incident report. (Doc. 63 at 2.) Plaintiff states that Defendants repeated arguments the Court already rejected. (*Id.* at 2–3.) Plaintiff also argues he provided Defendants with notice of impending litigation. (*Id.* at 3–4.) Plaintiff's Response also included 62 pages of documents already in the record and a list of "the laws and codes that were in place" at the time of the underlying incident. (Doc. 63 at 5–54, 65–66 (previous court filings); 55–64 (list of laws and codes).) Plaintiff does not elaborate on the significance of the allegations or documents or use them to develop arguments supporting his motion for reconsideration.

   The Court will consider each of the three bases for granting a motion for reconsideration in turn. For the Court to grant the motion, Plaintiff must demonstrate "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

   *i. Plaintiff fails to demonstrate an intervening change in law.*

   The Court finds it difficult to discern what arguments Plaintiff intended to raise. Clearly, however, Plaintiff does *not* allege there was an intervening change in law.

   Plaintiff submitted 62 pages of documents, including previous court filings in this matter and copies of laws that were in effect at the time of his injury. (Doc. 63 at 5–54, 65–66 (previous court filings); 55–64 (list of laws and codes).) To the extent Plaintiff offers these documents to argue an intervening change in the law, the Court must deny the motion on this basis, as the proffered documents and laws do not represent a change in the law between the time of the PFRD and the time of his motion to reconsider. *See Servants of Paraclete*, 204 F.3d at 1012.

> ii. *Plaintiff fails to submit new evidence previously unavailable.*

"In order to supplement a Rule 59(e) motion with additional evidence . . . , the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (citation omitted). Plaintiff's allegations do not satisfy that standard because they are based on information already in the record. Moreover, as stated in the previous subsection, the documents Plaintiff submitted are merely a portion of the record and law that existed when he was injured, which is by definition evidence that is not newly discovered. Moreover, Plaintiff offers no indication to show he could not have obtained the proffered evidence previously. Accordingly, Plaintiff failed to demonstrate the existence of "new evidence previously unavailable." *Id.*

> iii. *Plaintiff fails to demonstrate there is a need to correct clear error or prevent manifest injustice.*

"The Tenth Circuit has defined 'clear error' as 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Thymes v. Verizon Wireless, Inc.*, No. CV 16-66 KG/WPL, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (quoting *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)). "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" *Id.* (quoting *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015)) (citing *In re Green Goblin, Inc.*, No. 09-11239 ELF, 2012 WL 1971143, at *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.")).

Plaintiff does not explicitly argue that the Court's decision was arbitrary, capricious, or fundamentally unfair. (*See* Doc. 63.) Indeed, he does not refer to the PFRD in his Response at all, instead referring only to the Defendants' Summary Judgment Motion and his spoliation motion. (*See id.*) The Court acknowledges Plaintiff is proceeding pro se and may have requested the opportunity to respond to Defendants' Summary Judgment Motion in his Motion to Object; however, although the Court did not prohibit Plaintiff from addressing other filings, it did clearly instruct him to respond to the PFRD. (*See* Doc. 62 at 2–3.) He failed to do so. Therefore, even construing his pleadings liberally, the Court finds that Plaintiff fails to cite authority to show clear error or manifest injustice in the PFRD.

### IV.     Conclusion

Plaintiff has not demonstrated that there has been a change in the law, that there is new evidence that was previously unavailable to him, or that there is any "need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. Moreover, the Court finds that the PFRD sufficiently addressed the relevant issues. Because Plaintiff fails to offer any adequate reason to disturb the Court's previous PFRD, the Court will recommend denying his motion to reconsider.

**IT IS THEREFORE RECOMMENDED** that the Motion to Reconsider be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE